The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The employer-employee relationship existed between the plaintiff and defendant-employer.
2. Plaintiff's average weekly wage was $200.00.
3. Defendant was a partnership consisting of three partners.
4. There were less than three other employees.
5. Plaintiff suffered an injury by accident on February 15, 1994.
6. Plaintiff received medical treatment at Urgent Care and defendant-employer paid the bills.
7. Defendant continued paying plaintiff until March 30, 1994, when he was released to full duty.
8. The issue to be determined by the undersigned is whether defendant is subject to the Workers' Compensation Act.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Defendant Jim West and Sons Used Auto Parts is a partnership composed of James Dale West, Jeffrey Dale West and Timothy Todd West. All three partners work in the partnership business.
2. On September 14, 1993, partner Jeffrey Dale West hired plaintiff Kevin Robinson to take parts from wrecked automobiles for Jim West and Sons Used Auto Parts. During Plaintiff Robinson's employment with the partnership, the defendant-employer had no workers' compensation insurance.
3. On February 15, 1994, the plaintiff suffered second and third degree burns to his right hand and wrist while working on a vehicle owned by the defendant-employer and while plaintiff was engaged in the course of his employment with the defendant-employer. At the time of such injury, plaintiff Kevin Robinson was the only employee of the three-man partnership.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The North Carolina Workers' Compensation Law does not apply to any employer "that has regularly in service less than three employees". G.S. § 97-13(b). Pursuant to this "numerical-minimum exemption" provision, the North Carolina Industrial Commission lacks jurisdiction over matters involving employers with fewer than three employees. See Cain vs. Guyton, 79 N.C. App. 696, 697-98
340 S.E.2d 501, aff'd 318 N.C. 410, 348 S.E.2d 595 (1986).
2. The plaintiff has the burden of proving that the employer regularly employed a sufficient number of employees to make the Workers' Compensation Law applicable. Id. at 698. In this case, Plaintiff Robinson cannot satisfy that burden.
3. While North Carolina Courts have apparently not directly considered the issue, other states appear to uniformly hold that partners do not count as "employees" for the purpose of numerical-minimum provisions in Workers' Compensation Statutes. Vol. 2, A. Larson, The Law of Workmen's Compensation, at 9-199 — 9-200 (1991). "If the term "employees" is used in the numerical-minimum exemption} statute, this is construed to exclude from the enumeration any persons who are not employees for compensation law purposes, such as partners".
4. Plaintiff was the only employee of the defendant-employer at the time of the accident, and defendant-employer did not have the three employees necessary to make the Act applicable. Therefore, the Industrial Commission lacks jurisdiction over plaintiff's claim.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. This claim is hereby DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/14/95